IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>　　　　　　　　　　　　　　　　)<br>　　　　　　　Plaintiff, )<br>v.　　　　　　　　　　　　　　　　) Civ. No.:<br>　　　　　　　　　　　　　　　　)<br>BILLION INTERNATIONAL )<br>TRADING, INC., )<br>　　　　　　　　　　　　　　　　)<br>　　　　　　　Defendant. ) | |

## **COMPLAINT**

The United States of America brings this action to recover an administrative fine that has become final, and respectfully states the following:

### Jurisdiction and Venue

1.　　This is a civil action to recover a civil fine assessed by the United States of America, through the United States Customs and Border Protection, Department of Homeland Security, in the amount of $644,918.40 against Billion International Trading, Inc., issued under the authority of Section 10 of the Anticounterfeiting Consumer Protection Act, as amended, 19 U.S.C. § 1526(f).

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1345 and 1355.

3. Venue is proper pursuant to 28 U.S.C. § 1395 in that the action accrued in this judicial district.

## The Defendant

4. Billion International Trading, Inc. ("Billion International") is a California corporation located at 11221 Rush Street, Suite D, S. El Monte, California, 91733.

## Federal Statutory and Regulatory Authority

5. A "trademark" is defined as "any word, name, symbol, or device, or any combination thereof – (1) used by a person, or (2) which a person has a bona fide intention to use in commerce and applies to register on the principal register established by this chapter, to identify and distinguish his or her goods, including a unique product, from those manufactured or sold by others and to indicate the source of the goods, even if that source is unknown." 15 U.S.C. § 1127.

6. The term "mark" includes "any trademark, service mark, collective mark, or certification mark." 15 U.S.C. § 1127.

7.  A "counterfeit" trademark is a "spurious mark which is identical with, or substantially indistinguishable from, a registered mark." 15 U.S.C. § 1127.

8.  The importation into the United States of foreign manufactured merchandise that bears a trademark owned by a citizen or corporation of the United States, whose trademark is registered with the U.S. Patent and Trademark Office, is prohibited. 19 U.S.C. § 1526(a); 15 U.S.C. §§ 1124 and 1125(b). No article of imported merchandise shall copy or simulate the merchandise of any domestic manufacturer or any manufacturer located in any foreign country which, by treaty, convention, or law affords similar privileges to citizens of the United States. 15 U.S.C. § 1124.

9.  The Anticounterfeiting Consumer Protection Act of 1996, Pub. L.104-153, 100 Stat. 1386 (1996) ("ACPA") mandates that any merchandise bearing a counterfeit mark imported into the United States is required to be seized; and, in the absence of the written consent of the trademark owner, the merchandise is to be forfeited. 19 U.S.C. § 1526(e). Any person who directs, assists financially or otherwise, or aids and abets the importation of such merchandise for sale or public distribution if the merchandise is seized, shall be subject to a civil fine. 19 U.S.C. §§ 1526(f) and 1595a(b). The fine for the first seizure shall not be more

than the value the merchandise would have had if it were genuine, according to the manufacturer's suggested retail price ("MSRP"). 19 U.S.C. § 1526(f)(2). The imposition of a fine is within the discretion of the United States Customs and Border Protection, Department of Homeland Security ("CBP") and is in addition to any other civil, criminal or other remedy authorized by law. 19 U.S.C. § 1526(f)(4).

## Bases For Civil Fine

10. On or about December 19, 2008, Billion International's broker, SBIS, Inc., d/b/a/ Sun Bay International, submitted Customs Entry No. WIB-1219011-5 to the Port of Atlanta, Georgia, to apply for entry/immediate delivery of a shipment of acrylic and wool men's sports caps with a declared value of $7,056 imported from China.

11. Billion International was listed as the ultimate consignee and importer of record on Customs Entry No. WIB-1219011-5.

12. The Commercial Invoice and Packing List for the shipment identifies the seller as Yangzhou Yingmei Caps Factory Co., Ltd., located in China, the buyer as Billion International Trading Inc., and describes the contents of the

shipment as 140 cartons containing 20,160 acrylic and wool men's sports caps with a total purchase price of $7,056.

13. Customs Entry No. WIB-1219011-5 was selected for examination and, upon inspection, was found to contain approximately 20,160 caps each bearing a suspected counterfeit Atlanta National League Baseball Club, Inc., mark (the Atlanta Braves' stylized "A").

14. On information and belief, the stylized "A" trademark and service mark is rightfully owned by Atlanta National League Baseball Club, Inc. The mark is registered and recorded with the United States Patent and Trademark Office ("USPTO") under at least USPTO Registration Nos. 1,253,034, 2,542,804, 3,438,423, 2,573,347, and 2,657,980, and with CBP under CBP Recordation No. TMK 02-01005.

15. The stylized "A" is registered and recorded for, among other things, baseball caps.

16. Upon information and belief, the Atlanta Braves' stylized "A" trademark and service mark remains in full force and effect and has not been abandoned.

17. On or about December 22, 2008, CBP confirmed with Major League Baseball that the seized caps were counterfeit because they infringed on the Atlanta Braves' stylized "A" mark.

18. CBP seized the 20,160 caps at the Port of Atlanta, Georgia, on or about December 22, 2008, under Seizure Case No. 2009-1704-000082-01, pursuant to 19 U.S.C. § 1526(e).

19. On or about December 22, 2008, a CBP Import Specialist issued a Statement of Appraisal for the seized merchandise after calculating that the MSRP for the seized caps was $644,918.40.  The MSRP was based on advertised internet prices for similar, authentic merchandise.

20. On or about February 13, 2009, CBP, by and through a Fines, Penalties and Forfeitures ("FP&F") Officer, notified Billion International by letter advising of the seizure of the infringing merchandise and enclosing an informational document entitled "Notice of Seizure and Information for Claimants Form AF" which explained the options with regard to the remission of the forfeiture of the property.

21. On April 2, April 9, and April 16, 2009, CBP published a Notice of Seizure and Intent to Forfeit for Seizure Number 2009-1704-000082-01 in the Atlanta Journal-Constitution.  The Notice provided that any person having a legal

interest in the property and desiring to claim any of the listed property had to appear at the FP&F's office and file within twenty days of the first publication a claim to such property and a cost bond (in the appropriate amount), and that in default of these requirements, the property would be declared forfeited to the United States and disposed of in accordance with the law.

22.     On information and belief, no person came forward to claim property for Seizure Number 2009-1704-000082-01.

23.     Accordingly, on June 12, 2009, CBP issued a Declaration of Administrative Forfeiture for Seizure Number 2009-1704-000082-01, under the authority of 19 U.S.C. §§ 1607 and 1609, and 19 C.F.R. § 162.45, for violation of 19 U.S.C. § 1526(e).

24.     FP&F assessed a fine in the amount of $644,918.40, the MSRP of the caps if the caps had been genuine, against Billion International, pursuant to 19 U.S.C. § 1526(f).

25.     On or about September 11, 2009, CBP issued to Defendant Billion International Trading, a notice and demand for payment of the civil fine of $644,918.40, under the authority of 19 U.S.C. § 1526(f), for attempting to import counterfeit merchandise for sale or public distribution.

26. The notice provided that Billion International had 60 days within which to file a petition for relief or to make payment, further advising that if payment or petition for relief were not received, the matter would be referred to the United States Attorney. The time period within which to petition for relief or make payment has expired.

27. Billion International has not filed any petition or claim for relief from the imposition of the civil fine, nor have they made any payment of any of the civil fine to date. Accordingly, the assessed fine in the amount of $644,918.40 became final and owing on or about November 10, 2009.

//

//

//

//

//

//

//

//

**WHEREFORE**, Plaintiff demands judgment in its favor as follows:

1. Against Defendant Billion International Trading, in the amount of $644,918.40, plus interest from the date the administrative fine became final; and,

2. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

SALLY QUILLIAN YATES
United States Attorney
Northern District of Georgia


/s/ Christopher J. Huber
CHRISTOPHER J. HUBER
Assistant United States Attorney
600 Richard B. Russell Federal Bldg.
75 Spring Street, S.W.
Atlanta, GA 30303
Telephone: 404.581.6292
Facsimile: 404.581.6181
Email: chris.huber@usdoj.gov
Georgia Bar No. 545627

Attorney for Plaintiff
United States of America