# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) CIVIL ACTION |
| Plaintiff, | ) |
| | ) FILE NO.: 1:11-CV-02753-WSD |
| vs. | ) |
| | ) |
| BILLION INTERNATIONAL TRADING, INC., | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF FRCP RULE 60(b)(4) MOTION TO SET ASIDE VOID JUDGMENT

### I. PRELIMINARY STATEMENT

This lawsuit is a collection action by the United States against Defendant Billion International Trading, Inc. (Billion) to collect an administrative fine based on a December 22, 2008 seizure by the United States Customs and Border Protection of certain clothing found to be trademark infringing and counterfeit. Defendant presents one issue: whether the Court had personal jurisdiction so as to enter judgment against it.

1

## II.     STATEMENT OF FACTS AND PROCEDURAL HISTORY

Billion is an active California corporation[1] with its principal place of business in the Central District of California.  It receives orders from buyers throughout the United States to supply various articles of clothing and headwear products and in turn places orders for their manufacture with factories in China.  With the exception of the single transaction which is the subject of this action and which was initiated by third parties to this action, Defendant does not and has never manufactured, used, sold, imported, and/or offered for sale products or services in the State of Georgia.   The actual importing was arranged through the services of a non-vessel owning common carrier. *Declaration of Emma Chen* at paragraph 3.

Defendant is not registered to do business in the State of Georgia.  Defendant has not appointed an agent for service of process in the State of Georgia.  There is no agency relationship between Defendant and the party with which it contracted, and only an arms-length business transaction.  Defendant has no business operations in the State of Georgia.  Defendant does not have any

---

[1] Evidence in support of this motion is provided in the attached Declaration of Emma Chen, Defendant Billion International Trading, Inc. ("Billion")'s Vice President and custodian of records.  Ms. Chen is the owner of the company. *Declaration of Emma Chen* at paragraph 2.

employees in the State of Georgia and does not maintain any place of business in the State of Georgia. Defendant does not own any real property in the State of Georgia and does not hold any bank accounts in the State of Georgia. *Declaration of Emma Chen* at 4.

Prior to this action, Defendant opened negotiations with third parties Tanu (USA) Inc., and Universal Sportswear Inc. of Atlanta Georgia (collectively, Universal). *Declaration of Emma Chen* at 5.

In September, 2008, Universal contacted Billion with an inquiry about purchasing from Defendant a minimum order of 20,000 caps with a stylized "A" logo on the crown, and forwarded a single sample. The contract was negotiated telephonically and transmitted by fax. *Declaration of Emma Chen* at 6.

Billion arranged for the manufacture and purchase of caps from the Chinese company Yangzhou Yingmei Caps Factory, Ltd. Billion's broker, SBIS, Inc., a non-vessel owning common carrier, then arranged for shipment to the port of Atlanta, Georgia. The shipping documents identify Billion as the buyer, ultimate consignee and importer of record, although the ultimate buyer of the caps was actually Universal. *Declaration of Emma Chen* at 7.

On or about December 22, 2008, United States Customs and Border Protection (CPB) seized the caps as counterfeit – the stylized "A" was in fact the

cap logo of the Atlanta Braves and the property of Major League Baseball and the infringement came to light when Universal's attorney attempted to trademark the Atlanta Braves "A". *Declaration of Emma Chen* at 8.

As alleged in the complaint, CPB assigned the matter Seizure Case No: 2009-1704-000082-01 and calculated a value of $644,918.40 based on the cap's retail value.  The administrative fine in that amount was eventually finalized. Billion did not pay the fine, CBP turned the matter over to the U.S. attorney, and the government filed suit against Billion on August 18, 2011 in the Northern District of Georgia.

Billion was served with process, did not respond, was defaulted and ultimately the government obtained a default judgment.

This motion follows.

### III. ARGUMENT AND CITATION TO AUTHORITY

#### A. THE DEFAULT JUDGMENT SHOULD BE SET ASIDE UNDER RULE 60(b)(4) BECAUSE IT IS VOID FOR LACK OF PERSONAL JURISDICTION.

Fed. R. Civ. P. 60(b) provides:

> "(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.
>
> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

4

> ...
> (4) the judgment is void; ... ."

Any judgment, including a default judgment, will be set aside as void where the issuing court lacked personal jurisdiction over the Defendant. Oldfield v. Pueblo de Bahia Lora, S.A., 558 F.3d 1210 (11th Cir. 2009). Moreover, where a defendant moves to set aside a default judgment for lack of personal jurisdiction, no meritorious defense need be shown. Id., at 1218. Finally, on a defendant's challenge to personal jurisdiction, the plaintiff – the government in this case – bears the burden of establishing personal jurisdiction. Id., at 1217-1218.

In determining whether personal jurisdiction over the Defendant exists, a court conducts a two-step inquiry as to whether the exercise of jurisdiction 1) is appropriate under Georgia's long-arm statute and 2) violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution.[2] Diamond Crystal Brands, Inc. v. Food Movers International, Inc., 593 F.3d 1249, 1257-1258 (III.A.) (11th Cir. 2010).

---

[2] The Court cannot base personal jurisdiction over the Defendant on the same bases utilized for subject matter jurisdiction, in particular 28 U.S.C. § 1355 (fine, penalty or forfeiture). See United States of America, v. One Lear Jet Aircraft, etc., 836 F.2d 1571, 1575 (11th Cir. 1988).

1. **Personal Jurisdiction Over Defendant is not Appropriate Under Georgia's Long-Arm Statute.**

Georgia's long-arm statute provides in relevant part as follows:

> A court of this state may exercise personal jurisdiction over any nonresident or his executor or administrator, as to a cause of action arising from any of the acts, omissions, ownership, use, or possession enumerated in this Code section, in the same manner as if he were a resident of the state, if in person or through an agent, he:
> (1) Transacts any business within this state;
> (2) Commits a tortious act or omission within this state, except as to a cause of action for defamation of character arising from the act;
> (3) Commits a tortious injury in this state caused by an act or omission outside this state if the tort-feasor regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;

O.C.G.A. § 9-10-91.

The Court must interpret and apply Georgia's long-arm statute in the same way as would the Georgia Supreme Court. Diamond Crystal, supra, 593 F.3d at 1258. Moreover, "the exercise of personal jurisdiction in Georgia requires a court to find that at least one prong of the long-arm statute is satisfied." Id., at 1260.

    a. **The exercise of personal jurisdiction over Defendant does not comply with subsection (1) of the long-arm statute.**

Although subsection (1) applies to both contract and tort claims, to satisfy it, the non-resident defendant must have "purposefully done some act or

6

consummated some transaction in this state" in a matter that gave rise to a plaintiff's cause of action. Diamond Crystal, supra, 593 F.3d at 1260, 1264; and Innovative Clinical & Consulting Servs., LLC v. First Nat'l Bank of Ames, 279 Ga. 672, 675, 620 S.E.2d 352, 355 (2005). This subsection of the long-arm statute "requires more contacts between the defendants, the forum, and the litigation for the assertion of specific personal jurisdiction than does federal due process." Burt v. Energy Services Investment Corp., 207 Ga.App. 210, 211, 427 S.E.2d 576 (1993), quoting General Elec. Credit Corp. v. Scott's Furniture Warehouse Showroom, 699 F.Supp. 907, 915 (N.D. Ga. 1988).

Here, Defendant's sole alleged contact with Georgia consisted of a single delivery of products at the request of a Georgia company. Because Defendant made only a single delivery at the request of a Georgia company, the Defendant should not be deemed to have purposefully done any acts or to have purposefully consummated any transactions in Georgia within the meaning of the subsection (1) of the long-arm statute. See, e.g., Web.com, Inc. v. The Go Daddy Group, Inc., 2007 U.S. Dist. LEXIS 99061 (N.D. Ga. 2007) (finding no purposeful direction of activities in Georgia by alleged patent infringer through operation of out-of-state commercial website accessible to Georgia customers).

Accordingly, long-arm jurisdiction under subsection (1) is unavailable against the Defendant herein.

> b. **The exercise of personal jurisdiction over Defendant does not comply with subsection (2) of the long-arm statute.**

If the alleged conduct underlying the allegations of the Complaint is deemed a tort under subsection (2) of the long-arm statute, "a Georgia court may exercise personal jurisdiction over a nonresident who commits a tortious act or omission within this State, insofar as the exercise of that personal jurisdiction comports with constitutional due process." Innovative Clinical, supra, 279 Ga. at 674, 620 S.E.2d at 354, citing Gust v. Flint, 257 Ga. 129, 130, 356 S.E.2d 513 (1987). Consequently, where alleged acts of infringement occur outside of Georgia, purportedly causing harm in Georgia, subsection (2) is unavailable to provide the Court with jurisdiction over a nonresident defendant. See Cable News Network, Inc. v. Video Monitoring Services of America, Inc., 723 F.Supp. 765, 770 (N.D. Ga. 1989) (finding subsection (2) unavailable to support jurisdiction over non-resident defendant who made unlawful copy of copyrighted work out-of-state and sold and shipped copy to purchaser in Georgia). See also White v. Roberts, 216 Ga. App. 273, 275, 454 S.E.2d 584, 587 (1995) (holding that nonresident defendant's lack of physical presence in Georgia at time alleged tortious act was committed barred application of subsection (2)).

Here, Defendant had no physical presence in Georgia and committed no tortious acts within Georgia. Instead, Defendant is located outside of Georgia and contracted outside of Georgia for a shipment of goods. That Defendant was listed as ultimate consignee was incorrect. The ultimate consignee should have been listed as the Georgia company, Universal, which requested the goods. Defendant had no contact whatsoever with Georgia. Thus, at most, the Plaintiff has alleged the existence of acts outside of Georgia that caused injury in Georgia; *but such conduct falls within the ambit of subsection (3) of the long-arm statute, not subsection (2).*

      **c.**    **The exercise of personal jurisdiction over Defendant does not comply with subsection (3) of the long-arm statute.**

A tortious injury suffered in Georgia caused by tortious acts outside of Georgia falls within the ambit of subsection (3) of the long-arm statute. However, under the plain language of subsection (3), long-arm jurisdiction may attach only if the alleged tortfeasor "regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state." O.C.G.A. § 9-10-91(3).

Here, the Defendant has made a single, unsolicited sale in Georgia amounting to a value of 0.2% of Defendant's annual revenue.[3]  See Web.com, *supra* (no personal jurisdiction where less than 3% of customers were from Georgia).  Such low level of commercial activity in this State clearly does not constitute regular business in Georgia, nor does a single sale constitute a persistent course of conduct in Georgia.  As to the final alternative criterion, the plain language requires that the goods must be used or consumed in Georgia.  Because the goods were impounded, they were never used or consumed in Georgia or anywhere else.  Accordingly, long-arm jurisdiction is unavailable under subsection (3).

### 3. The Exercise of Personal Jurisdiction Over Defendant Violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

Even if this Court somehow finds that long-arm jurisdiction exists over the Defendant, the Defendant submits that the Court still may not validly exercise personal jurisdiction over Defendant under the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

*In personam* jurisdiction complies with federal due process "when (1) the nonresident defendant has purposefully established minimum contacts with the

---

[3] *Declaration of Emma Chen* at 9, 10.

forum state, and (2) the exercise of jurisdiction will not offend traditional notions of fair play and substantial justice." Francosteel Corp. v. M/V Charm, 19 F.3d 624, 627 (11th Cir.1994).

Two types of personal jurisdiction may exist: 1) specific, founded on a defendant's contacts with the forum state related to the plaintiff's cause of action; and 2) general, based on a defendant's contacts with the forum state unrelated to the plaintiff's cause of action. Madara v. Hall, 916 F.2d 1510, 1514, 1516 n.7 (11th Cir. 1990). Inasmuch as Defendant has no unrelated contacts with Georgia, no legitimate argument exists for the assertion of general personal jurisdiction over Defendant in this case. Accordingly, this memorandum will focus on an analysis of specific jurisdiction.

### a. Minimum Contacts' Analysis

A three-part test determines whether a non-resident defendant's contacts with the applicable forum are sufficient for purposes of specific jurisdiction:

> First, the contacts must be related to the plaintiff's cause of action or have given rise to it. Second, the contacts must involve 'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum ..., thus invoking the benefits and protections of its laws.' Third, the defendant's contacts with the forum must be 'such that [the defendant] should reasonably anticipate being haled into court there.'

11

Francosteel, supra, at 627, quoting Vermeulen v. Renault, U.S.A., Inc., 985 F.2d 1534, 1546 (11th Cir. 1993), cert. denied, 508 U.S. 907, 113 S.Ct. 2334, 124 L.Ed.2d 246 (1993).

In analyzing purposeful availment and reasonable anticipation of suit in the forum in a case such as the within action, the ultimate question for the Court to ask is whether Defendant, in making a single delivery at the request of a Georgia company into Georgia had any manifest intent of engaging in business or other interactions with that state in particular. If the answer to that question is no, then personal jurisdiction against Defendant should be unavailable. See Web.com, supra.

The answer to the foregoing question should be "no." Defendant never advertised in Georgia or targeted Georgia specifically for marketing purposes, and made but a single delivery to a Georgia company. Defendant did not reach out to Georgians; rather, Defendant was solicited by the Georgia company to sell a product at that Georgia company's request and according to that Georgia company's specification. Such conduct should not constitute purposeful availment of the privilege of doing business in Georgia. See Jordan Outdoor Enterprises, Ltd. v. Trademark Global, Inc., 2007 U.S. Dist. LEXIS 5438 (M.D. Ga. 2007).

In Jordan Outdoor Enterprises, a copyright infringement and unfair competition case, the court found personal jurisdiction lacking in Georgia against a non-resident defendant that did not regularly transact business in Georgia, was not registered to conduct business in Georgia, and had no employees or agents here. Id., at *5-*6. The facts that defendant a) imported allegedly infringing gun cases from China through U.S. Customs, b) via e-mail with the Georgia plaintiff purportedly agreed to return all infringing goods to plaintiff for destruction, and c) shipped one carton of the infringing goods to plaintiff in Georgia so that plaintiff could verify inclusion of counterfeit goods did not demonstrate defendant's purposeful establishment of minimum contacts with Georgia such that jurisdiction over defendant could be exercised here consistent with due process or the Georgia long arm statute. Id., at *4-*6.

As in Jordan Outdoor Enterprises, Defendant Billion had no contacts with Georgia other than the electronically negotiated agreement with the Georgia buyer, and only one shipment of allegedly infringing products was made to Georgia. Nor were those goods ever sold or purchased in Georgia; rather they were confiscated by U.S. Customs without ever being released to the Georgia buyer. Consequently, just as in Jordan Outdoor Enterprises, Billion cannot be deemed to have purposefully established minimum contacts with Georgia such that jurisdiction

13

over Billion could be exercised here consistent with due process or the Georgia long arm statute.

### b.   Fair Play and Substantial Justice Analysis

Even in the unlikely event that Plaintiff is deemed to have satisfied the minimum contacts test, jurisdiction still may not be exercised where the court's exercise of personal jurisdiction would offend traditional notions of fair play and substantial justice. Diamond Crystal, supra, 593 F.3d at 1267 (V.). That analysis balances the following factors: 'the burden on the defendant,' 'the forum State's interest in adjudicating the dispute,' 'the plaintiff's interest in obtaining convenient and effective relief,' 'the interstate judicial system's interest in obtaining the most efficient resolution of controversies,' and the 'shared interest of the several states in furthering fundamental substantive social policies.' Id., at 1274 (V.B.) (citation omitted). For the reasons that follow, the foregoing factors mandate against the exercise of personal jurisdiction over Defendant herein.

### 1)   Burden on Defendant

This Court has recognized the continuing existence of the defendant's burden as an important factor to consider in assessing personal jurisdiction, as follows:

> The Court also notes that 'the difficulties of geography still impose a not insubstantial burden on a defendant seeking to

14

> mount an effective defense against a potentially substantial claim in a remote jurisdiction to which that party has no real ties' -- a burden that [defendant] would undoubtedly face if forced to defend itself in Georgia. [Plaintiff] asserts that [defendant's] arguments challenging jurisdiction on fairness grounds are 'one[s] of convenience for Defendant only, which [are] insufficient to meet [its] burden'. However, the 'fairness factors' set forth in World-Wide Volkswagen seek to preserve litigants' rights not to be sued in jurisdictions to which they have no substantial or relevant connections… Where the burden placed on a nonresident defendant is a relevant factor in determining whether exercising personal jurisdiction would comport with due process, [defendant's] arguments regarding 'convenience' -- or, more precisely, 'inconvenience' --are relevant assertions indeed.

Imageline, Inc. v. Fotolia LLC, 663 F.Supp.2d 1367, 1379 (N.D. Ga. 2009).

Here, Defendant Billion resides in California, some 3,000 miles from this Court's location. It has no offices or any other ties to Georgia that would enable it to litigate here without great burden; nor would its representatives have a place to stay while in Georgia, other than commercial lodgings, should they have to litigate here. Since the Defendant is located in California, the burden on Defendant of litigating here is not only immense, in terms of lost time and expense[4], but also needless, since the Federal government has offices in California and the matter could be more efficiently resolved in California where Defendant is located.

---

[4] *Declaration of Emma Chen* at 11.

15

Consequently, this factor strongly militates against the exercise of jurisdiction in Georgia.

### 2) **Forum State's Interest**

Defendant Billion acknowledges the forum state's interest in protecting its residents but asserts that its burden of litigating the case here trumps any interest Georgia may have in providing a forum to seek redress.

### 3) **Plaintiff's Interest**

The Plaintiff being the Federal government, it has resources in every state and can conveniently litigate anywhere. Thus, this factor should be considered neutral.

### 4) and 5) **Interstate Judicial System's Interest and Shared Interest of the Several States**

Defendant knows of no special interest that either the interstate judicial system or the several states might have in litigating this case in Georgia. To the contrary, Defendant submits that the several states in this country should have an interest in protecting their citizens who sell products or services nationwide from having to litigate suits in any state from which a customer happens to solicit the Defendant's goods or services. Thus, these factors should also favor Defendant.

Defendant has presented a compelling case why this Court's assertion of jurisdiction over them would violate traditional notions of fair play and substantial

justice, and the Court should grant their motion set aside the Default Judgment on that basis alone.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff requests that the Court enter an order setting aside the Court's September 28, 2011 Default Judgment.

Respectfully submitted, this 1st day of December, 2011.

>  s/Thomas R. Williamson III
>  Thomas R. Williamson III, Esq.
>  Georgia Bar No. 765506
>  Counsel for Defendant
>
>  Williamson Intellectual Property Law, LLC
>  1870 The Exchange, Suite 100
>  Atlanta, Georgia, 30339
>  Phone: (770) 777-0977
>  Fax: (800) 701-5782
>  Email: twilliamson@trwiplaw.com

## **CERTIFICATE OF COMPLIANCE**

This is to certify that the foregoing DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO SET ASIDE DEFAULT JUDGMENT has been prepared in Times New Roman, 14 point font in accordance with Local Rules 5.1(C) and 7.1(D).

This 1st day of December, 2011.

<u>s/Thomas R. Williamson III</u>
Thomas R. Williamson III, Esq.
Georgia Bar No. 765506
Counsel for Defendant

Williamson Intellectual Property Law, LLC
1870 The Exchange, Suite 100
Atlanta, Georgia, 30339
Phone: (770) 777-0977
Fax: (800) 701-5782
Email: twilliamson@trwiplaw.com

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) CIVIL ACTION |
|     Plaintiff, | ) |
| | ) FILE NO.: 1:11-CV-02753-WSD |
| vs. | ) |
| | ) |
| BILLION INTERNATIONAL TRADING, INC., | ) |
| | ) |
|     Defendant. | ) |

## CERTIFICATE OF SERVICE

This is to certify that I have this day electronically filed the within and foregoing DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO SET ASIDE DEFAULT JUDGMENT using the CF/ECM system, which automatically sent e-mail notification of such filing to the following attorneys of record:

    Christopher J. Huber
    Assistant United States Attorney
    600 Richard B. Russell Federal Bldg.
    75 Spring Street, SW
    Atlanta, GA 30303
    Attorney for Plaintiff
    Chris.huber@usdoj.gov

This 1st day of December, 2011.

                              <u>s/Thomas R. Williamson III</u>
                              Thomas R. Williamson III, Esq.
                              Georgia Bar No. 765506
                              Counsel for Defendant

                              Williamson Intellectual Property Law, LLC
                              1870 The Exchange, Suite 100
                              Atlanta, Georgia, 30339
                              Phone: (770) 777-0977
                              Fax: (800) 701-5782
                              Email: twilliamson@trwiplaw.com