```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF GEORGIA
                       ATLANTA DIVISION

                                    :
UNITED STATES OF AMERICA,           :
                                    :
                                    :   CIVIL ACTION
            Plaintiff,              :
                                    :   NO. 1:11-CV-2753-WSD
      v.                            :
                                    :
                                    :
BILLION INTERNATIONAL TRADING, INC.,:
                                    :
                                    :
            Defendant,              :
                                    :
      and                           :
                                    :
EAST WEST BANK,                     :
                                    :
            Garnishee.              :
```

**BRIEF IN SUPPORT OF
MOTION FOR ENTRY OF FINAL DISPOSITION ORDER
IN GARNISHMENT AND FOR RECOVERY OF SURCHARGE**

This matter involves a garnishment proceeding initiated by the United States Attorney to recover a debt owed by the defendant to the United States.

I. FACTS OF THE CASE

A default judgment was entered against the defendant, Billion International Trading, Inc., on behalf of the United States in the amount of $684,620.48 and post-judgment interest at the rate of .1% compounded annually from September 28, 2011.

An application for writ of garnishment was filed by the United States on or about November 29, 2011.  Demand for payment of the debt was made upon the debtor more than 30 days prior to the date the application for the writ of garnishment was filed.  The sum of $0 has been credited toward the judgment debt.  As of the date on the application for Writ of Garnishment, the sum of $684,723.64 remained owing on the judgment.

The Writ of Continuing Garnishment was issued by the Clerk of Court through one of his deputies on November 29, 2011.  The application, the Writ, and all related documents and pleadings (these documents will be collectively referred to hereafter as "the garnishment package") were served upon the defendant on January 20, 2012, by the United States Marshal as shown by the Return of Service filed with this Court.  The garnishment package was also served on January 20, 2012, on the Garnishee, East West Bank.

The Garnishee filed an answer, stating that the garnishee had custody, control or possession of funds in which the defendant maintained an interest at the time the garnishment was served, and specifying the amount of funds belonging to the defendant.

On December 1, 2011, the defendant filed a Rule 60(b)(4) motion to set aside the default judgment on jurisdiction grounds, to which the United States responded.  The motion is pending.  The defendant has not sought a stay of the garnishment action pending a ruling on its motion.

II. ARGUMENT

This garnishment proceeding is governed by the provisions of the Federal Debt Collection Procedures Act, 28 U.S.C. §§3001 – 3307 ("the FDCPA"). The FDCPA provides the "exclusive civil procedure for the United States to recover a judgment on a debt. . ." 28 U.S.C. §3001(a)(1). Post-judgment remedies to collect a debt owed to the United States are enforced pursuant to Subchapter C of the FDCPA. The two sections which set forth the requirements for garnishment proceedings are found at 28 U.S.C. §§ 3202 and 3205.

    A.   <u>Procedures generally applicable to all postjudgment actions under § 3202 of the FDCPA.</u>

The provisions of 28 U.S.C. §3202 apply each time the United States commences a post-judgment action or proceeding to collect a debt using the provisions of the FDCPA, whether the government is seeking to garnish the wages of the debtor or to execute against real or personal property of the debtor. This section requires the United States to prepare, and the Clerk of Court to issue, a notice to the judgment debtor containing information regarding the debtor's rights under the statute. The notice, the language of which must be substantially in the same form as set out in 28 U.S.C. §3202(b), informs the judgment debtor of the action, provides information for the judgment debtor regarding property which may be exempt from the collection activity, and advises the judgment debtor that the underlying judgment debt itself may be

attacked only if the judgment was entered by default. ("the Section 3202 Notice.")

The Section 3202 notice also includes a form for the judgment debtor to use to claim certain real or personal property as exempt from the collection action, and to request a hearing regarding those exemptions.

When the judgment debtor requests a hearing pursuant to the Section 3202 Notice regarding exemptions, the statute clearly provides that the issues to be addressed are limited to the following:

1. the probable validity of the judgment debtor's claimed exemptions;

2. whether the statutory requirements for the issuance of the post-judgment remedy were followed; and

3. only if the judgment being enforced was a default judgment, may the court address the validity of the underlying debt or whether good cause exists to set aside the default.

28 U.S.C. §3202(d).

B.  **Procedures specifically applicable to garnishments pursuant to §3205.**

The more specific FDCPA procedures applicable to a garnishment action are found at 28 U.S.C. §3205. This section requires that the application for the writ include the following items:

1. the judgment debtor's name, (§3205(b)(1)(A));

2. the judgment debtor's social security number, if known, (§3205(b)(1)(A));

3. the judgment debtor's last known address, (§3204(b)(1)(A));

4. a statement regarding the nature and amount of the debt, (§3205(b)(1)(B));

5. a statement that not less than 30 days has elapsed since demand for payment had been made on the debtor, (§3205(b)(1)(B));

6. that the judgment debtor has not paid the amount due, (§3205(b)(1)(B)); and

7. that the garnishee is believed to have possession of property (including nonexempt disposable earning) in which the debtor has an interest, (§3205(b)(1)(C)).

Section 3205(c)(2) enumerates the following items which must be set out in the Writ:

1. the nature and amount of the debt, (28 U.S.C. §3205(c)(2)(A));

2. the name and address of the garnishee, (28 U.S.C. §3205(c)(2)(B));

3. the name and address of counsel for the United States, (28 U.S.C. §3205(c)(2)(C));

4. the last known address of the judgment debtor, (28 U.S.C. §3205(c)(2)(D));

5. a provision that the garnishee shall answer the writ within 10 days of service of the writ, (28 U.S.C. §3205(c)(2)(E)); and

6. that the garnishee is to withhold and retain any property of the judgment debtor pending further order of the court, (28 U.S.C. §3205(c)(2)(F)).

The United States is required to serve the writ on the garnishee and the judgment debtor.  28 U.S.C. §3205(c)(3).  An objection to the garnishee's answer may be filed by either the judgment debtor or creditor within 20 days after receipt of the garnishee's answer.  28 U.S.C. §3205(c)(5).

In this case, all of these items were properly prepared, filed with the court, and served on the judgment debtor and the garnishee as part of the garnishment package.  There are no objections to the form of the documents, timeliness, or service.

C. <u>Entry of Disposition Order is warranted.</u>

28 U.S.C. § 3205(c)(7) provides that  -- if no hearing is requested within 20 days after the defendant receives that garnishee's answer to the Writ -- the court may enter an order directing the garnishee as to the disposition of the judgment debtor's interest in the property.  Since no objections have been filed to the Writ of Continuing Garnishment, it is proper for the court to enter the Final Disposition Order in Garnishment directing the garnishee to pay to the United States all funds in its possession.

III.  IMPOSITION OF SURCHARGE

Any time the United States files an action or proceeding to recover a debt, such as this garnishment action, the United States is entitled to receive a surcharge of 10% of the amount of the debt owed to it.  28 U.S.C. § 3011.  This provision of the FDCPA allows the court to impose a 10% surcharge against the defendant to cover the costs of processing and handling the litigation and enforcement of the judgment debt.

IV.  CONCLUSION

For the reasons stated herein, the United States respectfully requests that the Court issue a Final Disposition Order in Garnishment, pursuant to 28 U.S.C. §3205(c)(7), directing the garnishee to pay to the United States all funds in its possession belonging to the defendant.  The United States further requests that the Court assess against the defendant a surcharge of 10% of the amount of the debt owed at the time the application was filed pursuant to 28 U.S.C. §3011(a) to and including $68,472.36.

Respectfully submitted,

SALLY QUILLIAN YATES
UNITED STATES ATTORNEY

s/Lori M. Beranek
LORI M. BERANEK
ASSISTANT UNITED STATES ATTORNEY
Georgia Bar No. 053775
600 Richard Russell Federal Bldg
75 Spring Street, S.W.
Atlanta, Georgia 30303
Phone No.(404) 581-6350
lori.beranek@usdoj.gov

CERTIFICATE OF COMPLIANCE

I hereby certify, pursuant to Local Rules 5.1B and 7.1D, that the foregoing brief, has been typed using 12 point Courier New font.

s/Lori M. Beranek
LORI M. BERANEK
Assistant United States Attorney
Georgia Bar No. 053775
lori.beranek@usdoj.gov

**CERTIFICATE OF SERVICE**

This is to certify that I have this day electronically filed the within and foregoing Motion For Final Entry of Final Disposition Order In Garnishment And For Recovery Of Surcharge with the Clerk of Court using the CM/ECF system and that I have served the following non-CM/ECF participant(s) by depositing a copy of the same in the United States mail addressed as follows:

Thomas Richard Williamson , III
Williamson Intellectual Property Law, LLC
1870 The Exchange Suite 100
Atlanta , GA  30339
Twilliamson@trwiplaw.Com


East West Bank
3920 North Peck Road
El Monte, CA 91732
Attn: Risk Department



This 5th day of April, 2012.


                                        s/Lori M. Beranek
                                        LORI M. BERANEK
                                        ASSISTANT U.S. ATTORNEY
                                        Georgia Bar No. 053775
                                        lori.beranek@usdoj.gov