IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,

            Plaintiff,

v.

BILLION INTERNATIONAL
TRADING, INC.,

            Defendant.

1:11-cv-2753-WSD

**OPINION AND ORDER**

This matter is before the Court on Billion International Trading, Inc.'s ("Defendant") FRCP Rule 60(b)(4) Motion to Set Aside Void Judgment [12] ("Motion to Set Aside").

**I.    BACKGROUND**

On August 18, 2011, the United States of America ("Plaintiff") filed its Complaint "to recover a civil fine assessed by the United States of America . . . in the amount of $644,918.40 against [Defendant], issued under the authority of Section 10 of the Anticounterfeiting Consumer Protection Act, as amended, 19 U.S.C. § 1526(f)." (Compl. ¶ 1). The civil fine was assessed based on the seizure of 20,160 counterfeit Atlanta Braves' baseball caps by the United States Custom and Border Protection at the Port of Atlanta, Georgia, on or about December 22,

2008.  (Id. ¶¶ 13-24).  Defendant was listed as the buyer, ultimate consignee, and importer of record of the counterfeit goods.  (Id. ¶¶ 11-12).

On August 24, 2011, Defendant was served with process at their office in California by Supervisory Special Agent Ana K. Salazar [3].

On September 23, 2011, after Defendant failed to timely respond to the Complaint, Plaintiff filed its Request for Clerk of Court's Entry of Default Judgment [5] and the Clerk of Court entered a default against Defendant that day.

On September 27, 2011, Plaintiff filed its Motion for Default Judgment [6], which was granted by the Court on September 28, 2011 [9].

On November 29, 2011, Plaintiff filed its application for Writ of Continuing Garnishment [9] against Defendant's money or property in the custody of East West Bank in El Monte, California.  The Clerk of Court issued the Writ of Garnishment that day [10] and ordered East West Bank to withhold and retain all funds belonging to Defendant and to provide the Court information regarding any funds belonging to Defendant that are in its custody.  East West Bank subsequently notified the Court that it has custody, control, or possession of $33,442.91 belonging to Defendant [15].

On December 1, 2011, Defendant filed its Motion to Set Aside [12]. Defendant claims that the default judgment should be set aside as void pursuant to

Federal Rule of Civil Procedure 60(b)(4) because this Court lacks personal jurisdiction over it under Georgia's long-arm statute.[1]

## II. DISCUSSION

### A. Relief under Federal Rule of Civil Procedure 60(b)

A motion to set aside a judgment is governed by Rule 60(b) of the Federal Rules of Civil Procedure.[2] Specifically, Rule 60(b)(4) permits a party to challenge

---

[1] It is undisputed that Defendant was properly served with process in this action. (Memo. of Law in Supp. of Def.'s Mot. to Set Aside at 4).

[2] Rule 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

a judgment as void due to a lack of personal jurisdiction after a judgment is entered.  See Baragona v. Kuwait Gulf Link Transport Co., 594 F.3d 852, 854 (11th Cir. 2010).

A motion under Rule 60(b)(4) must be made "within a reasonable time" and may be granted only when the movant can show "exceptional circumstances" that would result in "an extreme and unexpected hardship."  Fed. R. Civ. P. 60(c)(1); Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984).  Motions under Rule 60(b) are not granted lightly.  Id.

Relief under Rule 60(b)(4) is appropriate "only for the exceptional case in which the court that rendered [the] judgment lacked even an 'arguable basis' for jurisdiction."  United Student Aid Funds, Inc. v. Espinosa, 130 S. Ct. 1367, 1377 (2010) (quoting Nemaizer v. Baker, 793 F.2d 58, 65 (2nd Cir. 1986)).  "Even if a court does not expressly rule on matters relating to its exercise of jurisdiction, if the parties *could* have challenged the court's power to hear a case, then *res judicata* principles serve to bar them from later challenging it collaterally." Nemaizer, 793 F.2d at 65 (citing Chicot Cnty. Dist. v. Bank., 308 U.S. 371, 378 (1940)).  Where a party "has been afforded a full and fair opportunity to litigate [an issue], . . . the party's failure to avail itself of that opportunity will not justify Rule 60(b)(4) relief." United Student Aid, 130 S. Ct. at 1380.

    B.    <u>Whether there is an arguable basis for personal jurisdiction under Georgia law</u>

        1.    *Factual background*

Defendant "is an active California corporation with its principal place of business within the Central District of California." (Def.'s Memo. of Law in Supp. of Def.'s Mot. to Set Aside at 2). In the transaction that gave rise to the imposition of the civil fine, "Defendant opened negotiations with third parties Tanu (US) Inc., and Universal Sportswear Inc. of Atlanta[,] Georgia." (Id. at 3). Defendant negotiated a contract for a sale of goods by telephone and facsimile with Universal Sportswear, Inc., which was located in Atlanta, Georgia. (Id.; Decl. of Emma Chen ¶ 6). Defendant arranged for the satisfaction of the contract by coordinating the production of counterfeit goods in China and their subsequent shipment to Universal Sportswear, Inc., in Atlanta. (Def.'s Memo. of Law in Supp. of Def.'s Mot. to Set Aside at 3). In coordinating the manufacture and importation of these counterfeit goods, Defendant was listed as the buyer, ultimate consignee, and importer of record on the shipping documents. (Id.). Defendant knew that Universal Sportswear, Inc., is a wholesaler and retailer of big and tall t-shirts to customers in its Atlanta, Georgia. (Decl. of Emma Chen ¶ 5). Defendant was paid $33,860.00 under the terms of the contract it negotiated with Universal Sportswear, Inc. (Id. ¶ 9).

### 2.  *Analysis*

Defendant claims these actions are insufficient to support the exercise of personal jurisdiction by this Court under Georgia's long-arm statute. Plaintiff relies upon the "transacting business" prong of Georgia's long-arm statute for its claim that personal jurisdiction exists in this case. (Pl.'s Resp. to Def.'s Mot. to Set Aside J. at 5).

As an out-of-state entity, Defendant is subject to the jurisdiction of Georgia courts for the conduct alleged in the Complaint if it meets the requirements of Georgia's long-arm statute, and if subjecting it to the jurisdiction of Georgia courts would not offend due process of law. Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc., 593 F.3d 1249, 1257-58 (11th Cir. 2010). Georgia's long-arm statute provides:

> A court of this state may exercise personal jurisdiction over any nonresident . . . , as to a cause of action arising from any of the acts, omissions, ownership, use, or possession enumerated in this Code section, in the same manner as if he or she were a resident of this state, if in person or through an agent, he or she:
>
> (1) Transacts any business within this state; . . . .

O.C.G.A. § 9-10-91. "[T]he exercise of personal jurisdiction in Georgia requires a court to find that at least one prong of the long-arm statute is satisfied." Diamond Crystal Brands, 593 F.3d at 1260.

6

The "transacts any business" prong, by its literal terms, provides personal jurisdiction over any person who transacts any business in Georgia, and thus its reach is limited to the extent permitted by due process. Innovative Clinical & Consulting Servs., LLC v. First Nat'l Bank, 620 S.E.2d 352, 355 (Ga. 2005). To transact business in Georgia, "a defendant need not physically enter the state." Diamond Crystal Brands, 593 F.3d at 1264. "Transact means to prosecute negotiations, to carry on business, to carry out, or to carry on." Id. at 1264 n.18 (internal quotation omitted). A nonresident defendant's "mail, telephone calls, and other 'intangible acts'" that occur outside of Georgia must be examined to determine "whether it can fairly be said that the nonresident has transacted any business within Georgia." Id. at 1264 (quoting Innovative Clinical, 620 S.E.2d at 355-56).[3]

It is undisputed that Defendant purposely negotiated and finalized a contract by telephone and facsimile with Universal Sportswear, Inc., in Georgia for the

---

[3] The Court notes that Defendant erroneously relies upon Web.com, Inc. v. Go Daddy Group, Inc., No. 1:06-CV-1461-TCB, 2007 WL 7035105 (N.D. Ga. Aug. 3, 2007), for the proposition that making a single delivery into Georgia is insufficient to constitute a business transaction under Georgia's long-arm statute. Web.com involved the application of Federal Circuit law in a patent case to determine whether personal jurisdiction existed and the court noted that "[b]ecause Georgia's long-arm statute confers jurisdiction to the maximum extent possible by due process," the test for personal jurisdiction over an out-of-state entity in that case was whether the exercise of jurisdiction comports with due process. Id. at *2.

purchase, manufacture, and importation of the goods that were seized in Georgia as counterfeit.  It is further undisputed that that Defendant was paid under the terms of the contract and coordinated shipment of the goods to their intended destination of Atlanta, Georgia.

The "transacts any business" prong of the long-arm statute applies to nonresidents who conduct "any" business in Georgia, which means "to any extent" or "in any degree." Id. at 1264 n.18.  Under this broad definition and in light of the facts of this case, the Court finds that Defendant has transacted business in Georgia in a manner that satisfies the requirements of Georgia's long-arm statute for personal jurisdiction.

Once a statutory basis for long-arm jurisdiction is established, the remaining question is whether the exercise of personal jurisdiction comports with due process.

Due process "requires that the defendant have minimum contacts with the forum state and that the exercise of jurisdiction not offend 'traditional notions of fair play and substantial justice.'" Sloss Indus. Corp. v. Eurisol, 488 F.3d 922, 925 (11th Cir. 2007) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)). Due process requires that a nonresident defendant be subject to personal jurisdiction only when "the defendant's conduct and connection with the forum

State are such that he should reasonably anticipate being haled into court there." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985) (quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980)). "Due process contemplates two types of jurisdiction over the person: general and specific jurisdiction." Paul, Hastings, Janofsky & Walker, LLP v. City of Tulsa, Okla., 245 F. Supp. 2d 1248, 1253 (N.D. Ga. 2002) (citing Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414-15 (1984)).

For general jurisdiction to apply, a nonresident defendant's "contacts with the forum that are unrelated to the litigation must be substantial," in the nature of "continuous and systematic general business contracts between the defendant and the forum state." Meier v. Sun Int'l Hotels, Ltd., 288 F.3d 1264, 1274 (11th Cir. 2002). Specific jurisdiction is present when the defendant's contacts with the forum state "satisfy three criteria: they must be related to the plaintiff's cause of action or have given rise to it; they must involve some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum, and they must be such that the defendant should reasonably anticipate being haled into court there." Eurisol, 488 F.3d at 925 (internal quotations omitted).

Jurisdiction must also comport with "traditional notions of fair play and substantial justice," which requires consideration of: "(a) the burden on the

defendant, (b) the forum State's interest in adjudicating the dispute, (c) the plaintiff's interest in obtaining convenient and effective relief, (d) the interstate justice system's interest in obtaining the most efficient resolution of controversies, and (e) the shared interest of the several States in furthering fundamental substantive social policies." Meier, 288 F.3d at 1276 (citing Burger King, 471 U.S. at 476).

Plaintiff contends that specific jurisdiction exists in this case that warrants the exercise of personal jurisdiction and that traditional notions of fair play and substantial justice would not be offended by the exercise of that jurisdiction. The Court agrees and finds Defendant purposefully availed itself of the privilege of conducting business in Georgia by opening negotiations with a Georgia corporation, negotiating and finalizing a contract, being paid under that contract, and coordinating the shipment of goods to Atlanta, Georgia.[4] The Court also finds

---

[4] As with Web.com, the Court notes that Defendant erroneously relies on Jordan Outdoor Enterprises, Ltd. v. Trademark Global, Inc., No. 4:06-CV-99 (CDL), 2007 WL 247727 (M.D. Ga. Jan. 25, 2007), for the proposition that negotiating and finalizing a contract by telephone and facsimile with a Georgia company, coordinating a shipment of counterfeit goods into Georgia under that contract, and receiving payment from that Georgia company for those goods "should not constitute purposeful availment of the privilege of doing business in Georgia." (Def.'s Memo. of Law in Supp. of Def.'s Mot. to Set Aside at 12-13). In Jordan Outdoor Enterprises, a district court found that due process was not satisfied where a defendant did not purposefully transact business in Georgia and its "only contacts with Georgia were email communications from Defendant in Ohio with Plaintiff in

Defendant's business activities in Georgia gave rise to this action for recovery of an unpaid civil fine and it should have reasonably expected to be haled into a Georgia court as a result of its Georgia contacts.

The Court has also considered whether traditional notions of fair play and substantial justice would be offended by the imposition of personal jurisdiction and finds that they would not.

Defendant is an active California corporation involved in the international trade of various articles of clothing and headwear with an annual sales revenue of $15,000,000.00. (Decl. of Emma Chen ¶¶ 3, 10). The Court finds that there is no significant burden imposed on this Defendant in having to litigate in a state where it has transacted business. Additionally, in considering the United States', the several States', and the interstate justice system's interest in addressing the impact of counterfeit goods on the economy, the Court finds traditional notions of fair play and substantial justice are not offended by the imposition of personal jurisdiction on Defendant for the purpose of collecting a civil fine assessed against it for the importation of counterfeit goods. The Court also notes that because the

---

Georgia and the shipping of one carton of infringing goods to Plaintiff as part of the alleged settlement negotiations." 2007 WL 247727 at *2. The Court finds the circumstances here are distinguishable from Jordan Outdoor Enterprises because Defendant purposefully transacted business in Georgia and Defendant had fair warning that its actions may subject it to jurisdiction in Georgia. See id. at *2-*3.

11

counterfeit products infringed on the trademark of an Atlanta professional baseball team, there is an additional State interest in the exercise of jurisdiction in a court in Georgia.

In sum, the Court finds that it cannot be said that there was a lack of any arguable basis for personal jurisdiction such that relief under Rule 60(b)(4) is appropriate. The inappropriateness of the Rule 60(b)(4) request is underscored by the fact that Defendant did not object to the exercise of jurisdiction by the Court after being served with process and was provided with a full and fair opportunity to appear in this action and litigate the issue of jurisdiction. See, e.g., United Student Aid, 130 S. Ct. at 1380; Nemaizer, 793 F.2d at 65.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant's Motion to Set Aside [12] is **DENIED**.

**SO ORDERED** this 5th day of April, 2012.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE