IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,

v.                                                                          1:11-cv-2753-WSD

BILLION INTERNATIONAL
TRADING, INC.,

                Defendant,

## OPINION AND ORDER

This matter is before the Court on the United States of America's ("Plaintiff") Motion for Installment Payment Order [31] ("Motion").

## I.   BACKGROUND

On August 18, 2011, Plaintiff filed its Complaint "to recover a civil fine assessed by the United States of America . . . in the amount of $644,918.40 against Billion International Trading, Inc., issued under the authority of Section 10 of the Anticounterfeiting Consumer Protection Act, as amended, 19 U.S.C. § 1526(f)." (Complaint ¶ 1).  The civil fine was assessed based on the seizure of 20,160 counterfeit Atlanta Braves' baseball caps by the United States Custom and Border Protection at the Port of Atlanta, Georgia, on or about December 22, 2008.  (Id. ¶¶ 13-24).  Billion International Trading, Inc. ("Defendant") was listed as the

buyer, ultimate consignee, and importer of record of the counterfeit goods. (Id. ¶¶ 11-12).

On September 27, 2011, Plaintiff filed its Motion for Default Judgment [6], which was granted by the Court on September 28, 2011 [9]. Judgment was entered in favor of Plaintiff and against Defendant in the in the amount of $644,918.40 plus pre-judgment interest of $39,596.06, plus post-judgment interest at the rate of 0.49%.

On December 1, 2011, Defendant filed its Motion to Set Aside [12], claiming that the default judgment should be set aside as void pursuant to Federal Rule of Civil Procedure 60(b)(4) because the Court lacked personal jurisdiction over it under Georgia's long-arm statute. On April 5, 2012, the Court denied [22] Defendant's Motion to Set Aside.

On January 30, 2015, Plaintiff filed its Motion, requesting that the Court order Defendant to pay to Plaintiff the sum of One Thousand Dollars ($1,000.00) per month on the fifteenth (15th) day of the each month, until the judgment and accrued interest is fully satisfied. Defendant did not file a response to the Motion.

**II.    DISCUSSION**

   A.    Legal Standard

The Fair Debt Collection Procedures Act, 28 U.S.C. § 3000, et seq., provides that, "upon motion of the United States and notice to the judgment debtor, the court may, if appropriate, order that the judgment debtor make specified installment payments to the United States," if it is shown that the "judgment creditor (1) is receiving or will receive substantial nonexempt disposable earnings from self employment that are not subject to garnishment; or (2) is diverting or concealing substantial earnings from any source, or property received in lieu of earnings." 28 U.S.C. § 3204(a).

"In fixing the amount of the payments, the court shall take into consideration after a hearing, the income, resources, and reasonable requirements of the judgment debtor and the judgment debtor's dependents, any other payments to be made in satisfaction of judgments against the judgment debtor, and the amount due on the judgment in favor of the United States" Id.

   B.    Analysis

Defendant did not respond to Plaintiff's Motion.  Under the Court's Local Rules, Plaintiff Motion is deemed unopposed.  See LR 7.1B, NDGa. ("Failure to file a response shall indicate that there is no opposition to the motion.").

Plaintiff, in its Motion, asserts that Defendant has made no efforts to pay the judgment owed to Plaintiff, and refused to comply with Plaintiff's request that Defendant provide a financial statement along with recent tax returns and bank statements so that a monthly repayment plan could be established. (Motion at 1-2). The Court notes also that Defendant, in its Motion to Set Aside, acknowledged that its annual sales revenue exceeds $15,000,000. (Declaration of Emma Chen [12-2] ¶ 10).

The Court concludes, based upon Defendant's failure to voluntarily pay the judgment and its admission that its annual revenues exceed $15,000,000, that Defendant is receiving "substantial nonexempt disposable earnings" and has the ability to pay $1,000.00 per month to satisfy the judgment and post-judgment interest. See 28 U.S.C. § 3204(a).

### III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the United States of America's Motion for Installment Payment Order [31] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Billion International Trading, Inc. is ordered to pay to Plaintiff the sum of One Thousand Dollars ($1,000.00) per month, to be paid on the fifteenth (15th) day of each month,

beginning on June 15, 2015, and continuing thereafter until the judgment, plus accrued interested, is fully satisfied. Payments should be made payable to the U.S. Department of Justice and sent to the U.S. Attorney's Office, 75 Spring Street, SW, Suite 600, Atlanta, GA 30303, Attn: Financial Litigation Unit.

**SO ORDERED** this 18th day of May, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE